**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

**MICHEL ADLER,**

**Petitioner,**

**- against -**

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondents.**

---------------------------------------------------------X

**<u>OPINION AND ORDER</u>**

**09 Civ. 4093 (SAS)**

SDNY
FILED
9/22/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Michel Adler, appearing pro se, seeks a writ of habeas corpus pursuant to section 2241 of Title 28 of the United States Code. Adler has been detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), since June 12, 2008. Adler asserts that this detention is illegal because the period during which ICE may detain him prior to his deportation proceedings has expired. For the reasons set forth below, Adler's petition is denied.

## I. BACKGROUND[1]

Adler is a native and citizen of Haiti who was admitted to the United States as a lawful permanent resident in 1987.[2] On November 21, 2002, he was convicted of the Criminal Possession of a Controlled Substance in the Seventh Degree in violation of section 220.03 of New York State Penal Law.[3] On March 21, 2006, he was convicted of the Criminal Sale of a Controlled Substance in the Fifth Degree in violation of section 220.31 of New York State Penal Law.[4] Both of these convictions involved crack cocaine.[5]

While Adler was being detained at Rikers Island Correctional Facility, ICE identified him as a criminal alien under the Immigration and Nationality Act ("INA") and initiated removal proceedings.[6] Upon completion

---

1 Because Adler's petition does not provide factual background, the government's version of the facts are assumed to be true.

2 *See* Notice to Appear in Removal Proceedings ("Notice to Appear"), Ex. A to Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Opp. Mem.").

3 *See id.*

4 *See id.*

5 *See id.*

6 *See* Opp. Mem. at 1-2.

of his criminal sentence on June 12, 2008, Adler was transferred to ICE custody.[7] He has remained there until this day.[8]

Adler first appeared in front of an immigration judge on July 3, 2008.[9] Since that time, he has appeared before an immigration judge at least five times, and each time has obtained an adjournment upon his own motion.[10] Adler requested adjournments for such purposes as obtaining an attorney; giving his attorney more time to prepare; pursuing relief under the Convention Against Torture; and obtaining evidence of his psychological condition.[11] There is no evidence in the record of an adjournment that was granted upon motion by the government. On April 27, 2009, Adler filed this habeas petition.[12]

## II. LEGAL STANDARD

---

7 *See id.*

8 *See id.*; Petitioner's Memorandum of Law in Support of a Writ of Habeas Corpus ("Pet. Mem.") ¶ 2.

9 *See* Opp. Mem. at 1.

10 *See id.* at 1-2.

11 *See id.*

12 *See* Pet. Mem.

To obtain habeas relief pursuant to section 2241, Adler must demonstrate that he is being detained "in violation of the Constitution or laws or treaties of the United States."[13]

## III. DISCUSSION

### A. The Constitutionality of Pre-Removal Detention

Adler is being detained pursuant to section 236(c) of the INA, which requires the Attorney General to place into custody any alien deemed deportable for having committed one or more of specified criminal offenses.[14] Section 236(c) provides no limitation on the length of detention, and grants the Attorney General discretion to release an alien only in limited cases involving witness protection.[15] In *Demore v. Kim*, the Supreme Court of the United States upheld this mandatory detention provision as constitutional.[16] The Court reasoned that, in order to address the risk of flight and community danger presented by these aliens, Congress could justifiably require criminal aliens to

---

[13] 28 U.S.C. § 2241(c)(3).

[14] *See* 8 U.S.C. § 1226(c)(1)(B).

[15] *See* 8 U.S.C. § 1226(c)(2) ("The Attorney General may release [a criminal alien] only if the Attorney General decides . . . that release of the alien from custody is necessary to provide protection to a witness . . . .").

[16] 538 U.S. 510, 513 (2003).

be detained "for the brief period necessary for their removal proceedings."[17]

## B. Exceptions to the Constitutionality of Pre-Removal Detention

Despite the *Demore* Court's finding of constitutionality, criminal aliens in deportation proceedings remain entitled to due process of law under the Fifth Amendment.[18] Concurring in the *Demore* Court's opinion, Justice Anthony Kennedy acknowledged the possible Due Process concerns posed by reading section 236(c) to permit prolonged — or even indefinite — detention of aliens.[19] To address these concerns, Kennedy specified that "a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."[20]

Pursuant to Kennedy's concurrence, the United States Court of Appeals for the Sixth and the Ninth Circuits have interpreted section 236(c) to

---

[17] *Id.*

[18] *See, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." (citations omitted)).

[19] *See Demore*, 538 U.S. at 533 (Kennedy, J., concurring) (citing *Zadvydas v. Davis*, 533 U.S. 678, 684-86 (2001)).

[20] *Id.*

contain an implicit limitation on unreasonable or unjustified detention.[21] Although no published opinion of the Second Circuit addresses this constitutional issue, other district courts within the Second Circuit have adopted this interpretation of section 236(c).[22]

**C. The Constitutionality of Adler's Detention**

Without suggesting a presumptively unreasonable duration of detention, the *Demore* court noted that detention under section 236(c) usually

---

[21] *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005) ("Despite the substantial powers that Congress may exercise in regard to aliens, it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal. . . . To avoid deciding the constitutional issue, we interpret the authority conferred by [236(c)] as applying to *expedited* removal of criminal aliens." (emphasis added) (citations omitted)); *Ly v. Hansen*, 351 F.3d 263, 268 (6th Cir. 2003) ("[W]e hold that the INS may detain prima facie removable aliens for a time reasonably required to complete removal proceedings in a timely manner. If the process takes an unreasonably long time, the detainee may seek relief in habeas proceedings.").

[22] *See Scarlett v. U.S. Dep't of Homeland Sec. Bureau of Immigration and Customs Enforcement*, — F. Supp. 2d —, No. 08 Civ. 534, 2009 WL 2025336, at *9 (W.D.N.Y. July 10, 2009) (holding that the petitioner's five year detention under section 236(c) "far exceeded the parameters of the 'brief' or 'limited' period of time . . . deemed constitutional in *Demore v. Kim*"); *D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368, 385 (W.D.N.Y. 2009) (interpreting the constitutionality of 236(c) to be limited to detention during the "'brief period necessary for . . . removal proceedings'" (quoting *Demore*, 538 U.S. at 513)); *Fuller v. Gonzales*, No. 04 Civ. 2039, 2005 WL 818614, at *6 (D. Conn. Apr. 8, 2005) (holding that the *Demore* Court's finding of constitutionality did not apply to "lengthy detentions").

lasts for approximately one and a half months if the alien does not appeal the immigration judge's determination of deportability, or approximately five months if the alien chooses to appeal.[23] Other federal district courts have declared unreasonable such durations as two and a half years,[24] sixteen months,[25] and thirteen months.[26]

Adler's pre-removal detention has lasted fifteen months.[27] This is more than twice as long as the maximum duration contemplated by the *Demore* Court. However, there is no evidence in the record that the government has dragged its feet. Every adjournment in Adler's proceedings was upon Adler's motion.[28] Although it is Adler's right to seek relief from deportation, the delays caused by his motions should not be attributed to the government.[29]

---

[23] *See Demore*, 538 U.S. at 530.

[24] *See Judulang v. Chertoff*, 535 F. Supp. 2d 1129, 1130 (S.D. Cal. 2008).

[25] *See D'Alessandro*, 628 F. Supp. 2d at 376.

[26] *See Moallin v. Cangemi*, 427 F. Supp. 2d 908, 926 (D. Minn. 2006).

[27] *See* Opp. Mem. at 1.

[28] *See id.* at 1-2.

[29] *See Ovchinnikov v. Clark*, 543 F. Supp. 2d 1265 (W.D. Wash. 2008) (holding that "[c]ontinuances granted solely for the petitioner's benefit" would not count against the government when considering the constutitionality of detention

Furthermore, Adler's detention is not unjustified. As the *Demore* Court noted, a primary justification for mandatory detention under 236(c) is to prevent deportable aliens from fleeing.[30] If an alien cannot be deported, this flight justification would be inapplicable.[31] But Adler does not contest his deportability. The primary justification for detention under 236(c) — curbing the risk that a deportable alien will flee — therefore remains relevant to Adler's case, and it cannot be said that his detention is unjustified.

## IV. CONCLUSION

For the foregoing reasons, Adler's habeas petition is dismissed. The Clerk of the Court is directed to close this motion and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

under section 236(c)); *Thevarajah v. McElroy*, No. 01 Civ. 3009, 2002 WL 923914, at *5 (E.D.N.Y. Apr. 30, 2002). *Cf. Ly*, 351 F.3d at 272 ("[A]ppeals and petitions for relief are to be expected as a natural part of the process. . . . The mere fact that an alien has sought relief from deportation does not authorize the INS to drag its heels indefinitely in making a decision.").

[30] *See Demore*, 538 U.S. at 519-20.

[31] *See Ly*, 351 F.3d at 276.

Dated: New York, New York
September 22, 2009

**- Appearances -**

**Petitioner (Pro Se):**

Michel Adler
A# 041-135-008
Varick Federal Detention Center
201 Varick St., 4th Floor
New York, New York 10014

**For Respondent:**

Shane Cargo
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2711